No. 3990

Second Circuit

## DUNN MERCANTILE CO. v. MILLS

(July 14, 1931. Opinion and Decree.)

Tobin R. Hodge, of Rayville, attorney for plaintiff, appellee.

Warren Hunt, of Rayville, attorney for defendant, appellant.

WEBB, J. Plaintiff, Dunn Mercantile Company, Incorporated, brought this action to recover judgment against defendant, R. V. Mills, in the sum of $287.50 for merchandise alleged to have been furnished on orders of defendant to tenants on defend-

ant's plantation; and defendant appeals from a judgment in favor of plaintiff for the full amount claimed.

The record shows that there had been prior like transactions between the parties and that plaintiff had made charges against defendant for merchandise furnished, merely by reference to the amount and name of the tenant producing the order and the date the merchandise was furnished, without itemizing the particular articles of merchandise, and the same method was followed in keeping the account in dispute which shows charges made against defendant on February 22, and March 1 and 3, 1930, aggregating the amount stated above.

There was not any objection made relative to the method of keeping the account, and plaintiff produced orders covering the charges of date March 3, and also evidence showing that merchandise of the value shown by the charges of date February 22 and March 1 had been delivered to defendant's tenants on those dates, and the manager of plaintiff company stated that defendant had verbally authorized him to furnish the merchandise to the tenants, on such dates.

The defense was that defendant had not authorized plaintiff to furnish the tenants with any merchandise on February 22 and March 1, and that plaintiff did not fill the orders covering the charges of date March 3, with the exception of certain articles admitted to have been furnished under the orders.

In support of the defense that plaintiff was not authorized to furnish the tenants with the merchandise charged on February 22 and March 1, defendant said that he had not authorized plaintiff to furnish any merchandise to his tenants on those dates, and that the merchandise had been furnished the tenants on their own account. Defendant also called one of the tenants to whom merchandise was furnished on both dates, who said he had out-talked the plaintiff's manager; but the record shows that defendant was at plaintiff's place of business when the merchandise was furnished. The manager of plaintiff company related the circumstances which occurred at that time, which was not denied by defendant, who had notice of the charges soon after they were made and did not make any complaint at that time.

As stated, the charges of date March 3 were covered by the orders produced, and the manager of plaintiff company and one of its employees stated that the orders had been filled, and the only evidence tending to rebut their testimony, was the statement of some of the tenants to whom the orders were given that plaintiff refused to fill the orders, which was in conflict with the statement of other tenants who had orders and who are admitted to have been present when the orders were presented.

All the tenants, however, agreed that plaintiff did not have some articles of merchandise for which the orders called, and that plaintiff had purchased such articles from other local dealers, and it is admitted that such articles were furnished on the orders. Even if the testimony of the tenants alone was considered, we are of the opinion that the weight of the testimony is decidedly against the contention that the orders were not filled.

From our review of the record we are of the opinion that the judgment is correct and it is affirmed, at appellant's cost.

McGREGOR, J., recused.